IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT A. MOSBY, | No. C 02-5667 SBA (pr) |
| Plaintiff, | |
| v. | **ORDER DENYING INJUNCTIVE RELIEF AND TEMPORARY RESTRAINING ORDER** |
| JAMES HAMLET, et al., | |
| Defendants. | **(Docket no. 37)** |

This matter comes before the Court on Plaintiff's requests for injunctive relief and a temporary restraining order ("TRO"). For the reasons stated below, the Court DENIES Plaintiff's requests.

## BACKGROUND

On January 10, 2005, Plaintiff filed a "Request for Emergency Injunctive Relief and Issuance of a Temporary Restraining Order" (Docket no. 37).

In his motion, Plaintiff seeks an injunction requiring the management of the mailroom of the Correctional Training Facility ("CTF") in Soledad, California to provide him with access to the courts by giving him access to legal and personal mail services consistent with prison regulations. In sum, Plaintiff requests that the prison officials and their subordinates be enjoined from further acts of retaliation that occurred as a result of his filing his claim. He alleges that the retaliatory acts are the withholding and delay of (1) Plaintiff's incoming and outgoing legal mail and (2) Plaintiff's personal incoming and outgoing correspondence. Plaintiff states that these acts of retaliation have been increasing since discovery in this action has commenced and have increased even more after a video conference with the Deputy Attorney General on December 19, 2004. Plaintiff moves this Court to enjoin Defendant Captain Jerry Wiggins, who is in charge of the mailroom, and his agents in the CTF mailroom, including Lt. Talkington, and all other persons acting in concert with them to provide Plaintiff with all legal mail addressed to him within twenty-four (24) hours of arriving at the CTF, and all other mail addressed to Plaintiff within five (5) working days.

**I.     Legal Standard**

Federal Rule of Civil Procedure 65 sets forth the general procedure for obtaining injunctive

relief, whether in the form of a temporary restraining order, preliminary injunction or permanent injunction. Rule 65 does not set forth a specific standard for the determination of a request for a preliminary injunction. Therefore, the courts evaluate an application for a TRO on the basis of traditional equitable grounds. See Save Our Sonoran, Inc. v. Flowers, 381 F.3d 905, 912 (9th Cir. 2004). The standard for issuing a TRO is similar to that required for a preliminary injunction. See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d. 1004, 1008 (9th Cir. 1981). The Ninth Circuit recognizes two tests for determining whether a district court should grant a preliminary injunction. Under the traditional standard, a plaintiff must show: (1) a strong likelihood of success on the merits; (2) a possibility of irreparable injury should the injunction not be granted; (3) that the balance of hardships tips in his or her favor; and in some cases (4) that an injunction advances the public interest. See id. at 911-12 (citing Johnson v. Cal. State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995)). Alternatively, the plaintiff may show "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." Id.

It is well established that the two formulations both operate as a sliding scale, whereby a stronger showing of irreparable harm can compensate for a weaker likelihood of success. See Baby Tam & Co., Inc. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998). Moreover, they are not considered separate tests; rather they are viewed as "outer reaches of a single continuum." Id. Under either test, the moving party bears the burden of persuasion. Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 869 (2003).

**II.     Discussion**

The Court finds that Plaintiff's allegations are insufficient to support granting of injunctive relief or a TRO. Regarding the claims of constitutional violations, the Court finds that Plaintiff has not established a likelihood of success on the merits nor has he demonstrated a risk of irreparable harm if preliminary injunctive relief is not granted.

First, Plaintiff fails to demonstrate a likelihood of success on the merits. Plaintiff's request for a TRO fails to even allege facts suggesting that delaying the delivery of Plaintiff's legal and personal

correspondence were in retaliation for filing his § 1983 complaint.

Even assuming, arguendo, that Plaintiff could establish a likelihood of success on the merits, there is no indication that he would suffer irreparable injury if the TRO is not granted. The Court notes that Plaintiff was able not only to file this action during his incarceration at CTF, but also the documents necessary to prosecute the action.

After careful consideration, the Court finds that Plaintiff has not established that he is entitled to injunctive relief or to a TRO. Accordingly, Plaintiff's request is DENIED.

## **CONCLUSION**

Plaintiff's requests for injunctive relief and a TRO (Docket no. 37) are DENIED.

IT IS SO ORDERED.

DATED: 6/23/05                     s/Saundra Brown Armstrong
                                   SAUNDRA BROWN ARMSTRONG
                                   United States District Judge